IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 3:25-CR-282-MOC |
| ) | |
| v. ) | **BILL OF INFORMATION** |
| ) | |
| BIKRAMJIT AHLUWALIA ) | 18 U.S.C. § 1343 |
|    a/k/a Biku ) | 18 U.S.C. § 1349 |
|    a/k/a internetteam5000 ) | 18 U.S.C. § 371 |
|    a/k/a Don Bonsa ) | |
|    a/k/a Bobby ) | |
| ) | |

THE UNITED STATES ATTORNEY CHARGES:

At the specified times and at all relevant times:

### Background

1. A "call center" referred to an office or workplace, often located overseas, established to manage and handle a large volume of telephone calls to or from the United States.

2. "Tech-support fraud" was fraud in which call center technicians and others materially misrepresented technical support issues to convince computer users to purchase unnecessary repair services.

3. A "malicious pop-up" was advertisement-supported software ("adware") of a malicious nature, often used in tech-support fraud, that temporarily disabled a user's computer and displayed a message, often untrue or misleading, directing the user to contact a toll-free number for technical assistance.

4. "Pay-per-call" was an advertising model in which the rate paid by the advertiser was determined by the number of telephone calls made by viewers of the advertisement.

5. A "publisher" created, managed, troubleshooted, and distributed malicious pop-ups to be used in connection with tech-support fraud.

1

6. Digital Marketing Support Services, along with its affiliated entities (collectively hereinafter "DMSS"), was a company incorporated in the Seychelles that published and sold malicious pop-ups as a means of generating customer traffic for call centers.

7. BIKRAMJIT AHLUWALIA was an owner and manager of DMSS. AHLUWALIA was a citizen of the United Kingdom and resided in the United Arab Emirates.

8. Co-conspirator 1 was also an owner and manager of DMSS.

9. Individual-1 was the owner/operator of TrackDrive, a platform for call-routing (*i.e.*, the procedure of sending voice calls to a specific queue based on predetermined criteria) that offered pay-per-call services to publishers and call centers.

10. Individual-2 was the owner/operator of ABH Media LLC.

11. Individual-3 was the owner and manager of various companies headquartered in Charlotte, North Carolina, within the Western District of North Carolina.

12. Skype, WhatsApp, and Telegram were encrypted electronic communication platforms whose normal activities took place in interstate and foreign commerce and had an effect on interstate and foreign commerce.

13. Corporate Victim A was an American multinational technology company with headquarters in Washington state that developed, manufactured, licensed, supported, and sold computer software, consumer electronics, personal computers, and related services.

14. Corporate Victim B was an American multinational technology company headquartered in California that designed, developed and sold consumer electronics, computer software, and online services.

### The Tech-Support Scheme

15. Through DMSS, AHLUWALIA and Co-conspirator 1 coordinated an international conspiracy (the "Tech-Support Scheme") to defraud United States citizens by publishing malicious pop-ups that targeted United States citizens in the furtherance of tech-support fraud.

16. AHLUWALIA, Co-conspirator 1, and others tailored malicious pop-ups to particular uses and proliferated them over the Internet. Some malicious pop-ups mimicked fatal system-error screens, colloquially known as "Blue Screens of Death." Other malicious pop-ups displayed messages suggesting that users' perusal of pornographic websites had resulted in the installation of malware on their computers. AHLUWALIA, Co-conspirator 1, and others also utilized malicious pop-ups that misrepresented technical issues related to the services, software, and devices provided and/or sold by Corporate Victim A and Corporate Victim B.

17. AHLUWALIA and Co-conspirator 1 worked with Individual-2 to sell tech-support calls to companies around the world, including Individual-3's companies in the Western District of North Carolina. Members of the conspiracy would use Skype, WhatsApp, or Telegram to coordinate these and other transactions.

18. Over the course of the scheme, Individual-1 created an exclusive version of TrackDrive that routed tech-support calls originating from DMSS's malicious pop-ups. This version of TrackDrive was named "Media Moonshine," or "Moonshine" for short. Working on behalf of DMSS, Individual-2 facilitated payments, communications, and customer support for call centers that used DMSS's malicious pop-ups.

19. AHLUWALIA and Co-conspirator 1 often used aliases in communications over Skype, WhatsApp, and Telegram, as well as in corporate and banking documents. AHLUWALIA utilized the monikers "Don Bonsa," "Donny," "Bobby," and "internetteam5000."

## Count One
(18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

20. Paragraphs 1 through 19 are re-alleged and incorporated by reference as if fully set forth herein.

21. From at least in or about April of 2016, through on or about March 17, 2021, in Swain, Catawba, Mecklenburg, and Buncombe Counties (among others) in the Western District of North Carolina and elsewhere, the defendant,

BIKRAMJIT AHLUWALIA,

did knowingly and intentionally conspire and agree with others known and unknown, to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, to wit, the Tech-Support Scheme, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, signals, pictures and sounds in furtherance of such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

## Counts Two through Nine
(18 U.S.C. § 1343 – Wire Fraud)

22. Paragraphs 1 through 19 are re-alleged and incorporated by reference as if fully set forth herein.

23. From at least in or about April of 2016, through on or about March 17, 2021, in Swain, Catawba, Mecklenburg, and Buncombe Counties (among others) in the Western District of North Carolina and elsewhere, the defendant,

**BIKRAMJIT AHLUWALIA,**

knowingly and intentionally devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, to wit, the Tech-Support Scheme.

24. On or about the dates set forth below, in the Western District of North Carolina and elsewhere, the defendant,

**BIKRAMJIT AHLUWALIA,**

for the purpose of executing the Tech-Support Scheme, did knowingly and intentionally transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce by means of wire communication in interstate commerce the following writings, signs, signals, pictures, and sounds, each transmission constituting a separate count of this Information as follows:

| Count | Approximate Date | Victim | Victim Location | Transmission |
|---|---|---|---|---|
| 2 | 2/20/2017 | D.M. | Bryson City, NC | Telephone call |
| 3 | 2/23/2017 | R.S. | Matthews, NC | Telephone call |
| 4 | 10/24/2017 | D.C. | Chattanooga, TN | Skype message between Individuals 2 and 3 |
| 5 | 10/24/2017 | Y.C. | Homestead, FL | Skype message between Individuals 2 and 3 |
| 6 | 10/24/2017 | W.W. | Mint Hill, NC | Telephone call |
| 7 | 12/1/2017 | T.M. | Hickory, NC | Telephone call |
| 8 | 4/3/2018 | J.B. | Matthews, NC | Telephone call |
| 9 | 4/6/2018 | M.S. | Charlotte, NC | Telephone call |

All in violation of Title 18, United States Code, Section 1343.

## Count Ten
(18 U.S.C. § 371 – Conspiracy to Damage a Protected Computer)

25. Paragraphs 1 through 19 are re-alleged and incorporated by reference as if fully set forth herein.

26. From in or about April of 2016, through on or about March 17, 2021, in Swain, Catawba, Mecklenburg, and Buncombe Counties (among others), in the Western District of North Carolina and elsewhere, the defendant,

### BIKRAMJIT AHLUWALIA,

and other persons known and unknown, did knowingly and intentionally combine, conspire and agree to knowingly cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally cause damage without authorization to a protected computer, and cause loss to persons during a 1-year period from Defendant's course of conduct affecting protected computers aggregating at least $5,000 in value, and cause damage affecting 10 or more protected computers during a 1-year period, in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(B).

### Overt Acts

27. The facts of the separate offenses charged in Counts 2 through 9 of this Information are alleged to be separate overt acts, among others, undertaken in furtherance of the conspiracy and to accomplish the object of the conspiracy, and are incorporated by reference as if fully set forth herein as separate overt acts.

All in violation of Title 18, United States Code, Section 371.

### **NOTICE OF FORFEITURE**

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offense for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by § 981(a)(1)(C). The following property is subject to forfeiture in accordance with §§ 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this Bill of Information; and

b. If, as set forth in 21 U.S.C. § 853(p), any property described in the preceding subparagraph (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the

5

jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

The following property is subject to forfeiture on one or more of the grounds stated above:

    a.    A forfeiture money judgment in the amount of at least $31,275,983, such amount constituting the proceeds of the violations set forth in this Bill of Information.

RUSS FERGUSON
UNITED STATES ATTORNEY

*[signature]*

MATTHEW WARREN
ASSISTANT UNITED STATES ATTORNEY