UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:25-CR-282 |
| | ) | |
| vs. | ) | |
| | ) | |
| BIKRAMJIT AHLUWALIA, | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

TRANSCRIPT OF INITIAL APPEARANCE AND PLEA AND RULE 11
BEFORE THE HONORABLE DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE
NOVEMBER 21, 2025

APPEARANCES:

On Behalf of the Government:

MATTHEW THOMAS WARREN, ESQ.
United States Attorney's Office
227 West Trade Street, Suite 1700
Charlotte, North Carolina 28202

On Behalf of the Defendant:

BRIAN S. CROMWELL, ESQ.
Parker Poe Adams & Bernstein, LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202

HOLLY A. PIERSON, ESQ.
Pierson Law, LLC
3127 Maple Drive NE
Atlanta, Georgia 30305

Digitally recorded proceedings transcribed by:

Cheryl A. Nuccio, RMR-CRR
Official Court Reporter
United States District Court
Charlotte, North Carolina

P R O C E E D I N G S

(Transcript of proceedings digitally recorded on November 21, 2025.)

THE COURT: Well, Ms. Pierson, welcome back.

MS. PIERSON: Thank you, Judge. It's good to see you.

THE COURT: Nice to see you.

Mr. Cromwell, good morning.

MR. CROMWELL: Good morning, Your Honor.

THE COURT: And, Mr. Warren, how are you?

MR. WARREN: Great, Your Honor. Good morning.

THE COURT: Mr. Cromwell, how do you pronounce this man's name?

MR. CROMWELL: Bikramjit Ahluwalia.

THE COURT: Okay. Thank you.

All right. The first matter we'll take up this morning is our 10:00 item. This is Mr. Ahluwalia. The number on this is 3:25-cr-282. Mr. Cromwell and Ms. Pierson are here for him. Thank you. And Mr. Warren is here for the government on this.

The calendar suggests this is on for -- ultimately for plea and Rule 11. There is a plea agreement in the file. The plea agreement calls for a plea of guilty by the defendant to counts one, two, three, four, five, six, seven, eight, nine, and ten in the bill of information in the case.

So I guess we're here for three things today: initial appearance on the bill of information, waiver of indictment, and then plea and Rule 11.

Mr. Cromwell, have I got that right?

MR. CROMWELL: That's correct, Your Honor.

THE COURT: Okay. So, Mr. Ahluwalia, essentially we're going to do three things on one day. We'll do initial appearance on the bill of information in your case, we'll do what's called waiver of indictment, and then we'll do the actual guilty plea hearing itself. We'll explain these things to you as we go along. And you have excellent counsel there to answer any questions you may have. We do this all the time. There's nothing unusual about it. Just wanted you to know sort of how this is going to go.

So we're going to begin with initial appearance for you on the bill of information. For purposes of that proceeding, you do have the right to remain silent. Anything you do say can be used against you.

Now, initial appearance, generally speaking, is comprised of three things: a review of the charges and the penalties, some discussion about counsel, and also some discussion about bond. We'll touch on each of those three things over the next few minutes, but let's begin with a review of the charges.

Do you have a copy of the bill of information there?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. All right. Let's go through this.

There are a number of introductory paragraphs in the bill of information. I'm not going to read from all of those. I might read from a couple of them. But those introductory paragraphs, 19 in all, form the basis of the counts that follow. Some of the information presented here is pretty self-explanatory, but let me mention a couple of things here.

Under the heading "The Tech-Support Scheme" at paragraph 15 and following appears the following:

Through DMSS, Ahluwalia and co-conspirator 1 coordinated an international conspiracy (known as the "Tech-Support Scheme") to defraud United States citizens by publishing malicious pop-ups that targeted United States citizens in the furtherance of tech-support fraud.

Paragraph 16 provides a little more detail. It says that you, Mr. Ahluwalia, co-conspirator 1, and others tailored malicious pop-ups to particular uses and proliferated them over the internet. Some malicious pop-ups mimicked fatal system-error screens, colloquially referred to as "blue screens of death." Other malicious pop-ups displayed messages suggesting that users' perusal of pornographic websites had resulted in the installation of malware on their computers. You and co-conspirator 1, and others, allegedly, also utilized

malicious pop-ups that misrepresented technical issues related to the services, software, and devices provided and/or sold by Corporate Victim A and Corporate Victim B.

There are a number of other additional paragraphs here that I won't read from. These paragraphs, all 19 of them, form the basis of the counts that follow.

Count one charges conspiracy to commit wire fraud, a violation of Title 18, U.S. Code, Section 1349.

Paragraphs 1 through 19 are realleged and incorporated by reference.

And it's alleged here that from at least in or about April of 2016 through on or about March 17, 2021, in Swain, Catawba, Mecklenburg, and Buncombe Counties (among others) in the Western District of North Carolina, and elsewhere, you, Mr. Ahluwalia, did knowingly and intentionally conspire and agree with others to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, to wit, the Tech-Support Scheme, and for the purpose of executing that scheme and artifice, you transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds in furtherance of the scheme and artifice to defraud, in violation of the wire fraud statute.

All of this, then, is a violation of Title 18, U.S.

Code, Section 1349.

The charge, put more simply, is conspiracy to commit wire fraud.

Mr. Warren, what's the maximum penalty for that offense?

MR. WARREN: No more than 20 years' imprisonment, a $250,000 fine, and no more than 3 years of supervised release.

THE COURT: Thank you.

Counts two through nine, Mr. Ahluwalia, charge substantive counts of wire fraud. These are violations of Title 18, U.S. Code, Section 1343.

Here again, the introductory paragraphs are realleged and incorporated by reference.

And it's alleged beginning at paragraph 23 that from at least in or about April of 2016 through on or about March 17, 2021, in Swain, Catawba, Mecklenburg, and Buncombe Counties (among others) in the Western District of North Carolina, you knowingly and intentionally devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, to wit, the Tech-Support Scheme.

It then alleges that on or about the dates set forth in the table that follows, in the Western District of North Carolina, you, for the purpose of executing the Tech-Support

Scheme, did knowingly and intentionally transmit, and cause to be transmitted, by means of wire in interstate and foreign commerce by means of wire communication the following writings, signs, signals, pictures, and sounds, each transmission constituting a separate count.

And the information in the table as to each count sets forth the approximate date, the victim's initials, the victim's location, and the nature of the transmission.

Each of these, counts two through nine, is a violation of the wire fraud statute, Title 18, U.S. Code, Section 1343.

Mr. Warren, what's the maximum penalty for that offense?

MR. WARREN: For counts two through nine, the maximum penalty is 20 years' imprisonment, a $250,000 fine, and up to 3 years of supervised release.

THE COURT: Thank you.

Count ten actually alleges federal conspiracy, specifically conspiracy to damage a protected computer. Here again, the initial paragraphs -- introductory paragraphs are realleged and incorporated by reference.

And it's alleged beginning at paragraph 26 that from in or about April of 2016 through on or about March 17, 2021, in Swain, Catawba, Mecklenburg, and Buncombe Counties (among others), in this district, you, Mr. Ahluwalia, and other

persons known and unknown, did knowingly and intentionally conspire and agree together to knowingly cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally cause damage without authorization to a protected computer, and cause loss to persons during a one-year period from defendant's course of conduct affecting protected computers aggregating at least $5,000 in value, and cause damage affecting 10 or more protected computers during a one-year period, in violation of Title 18, U.S. Code, Sections 1030(a)(5)(A) and (c)(4)(B).

With regard to overt acts in furtherance of the conspiracy at paragraph 27, there's a reference made to the separate offenses charged in counts two through nine and the overt acts, among others, undertaken in furtherance of the conspiracy and to accomplish its object.

All this is a violation of the federal conspiracy statute, Title 18, U.S. Code, Section 371.

So, Mr. Warren, what's the maximum penalty for count ten?

MR. WARREN: Five years' imprisonment, a $250,000 fine, and no more than three years of supervised release.

THE COURT: Thank you.

At the end of the bill, I would mention there is a notice of forfeiture here. The notice speaks for itself but does appear to include a reference to a forfeiture money

judgment in the amount of at least $31,275,983. That amount allegedly constituting the proceeds of the violations set forth, that is, the object of the notice here.

So those are the charges that have been brought and the maximum penalties that could apply to you. Have you talked to your lawyers about all that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You understand that information.

THE DEFENDANT: I do, Your Honor.

THE COURT: All right. Now, the next thing we generally take up at initial appearance is legal counsel. Ms. Pierson and Mr. Cromwell are here with the defendant.

Mr. Cromwell, have you all been retained to represent him?

MR. CROMWELL: We have, Your Honor.

THE COURT: Okay. Ms. Pierson, you as well?

MS. PIERSON: Yes, Your Honor.

THE COURT: Okay. Thank you.

Mr. Ahluwalia, I assume that you would like these very talented lawyers to continue representing you in your case; is that right?

THE DEFENDANT: Yes, please, Your Honor.

THE COURT: Okay. Great.

All right. The last thing we'll touch upon just briefly is bond just because that's a standard part of every

initial appearance. The defendant appears to be in custody.

Is there any issue about bond today, Mr. Warren?

MR. WARREN: No, Your Honor. He is detained on the related case, 3:21-cr-82, the original bill of indictment, and we would ask that he continue on the same detention terms.

THE COURT: Mr. Cromwell, are you wishing to be heard on that today?

MR. CROMWELL: We're consenting to detention, Your Honor.

THE COURT: Okay. Thank you.

All right. So that takes care of initial appearance. We've gone over the charges. Talked about lawyers for a moment and bond so we'll move ahead to the second step in the process which is called waiver of indictment. Let me tell you what that's about.

You're proposing to proceed today on a bill of information, which is perfectly fine. We do it all the time. But it's worth noting that you do have a right to indictment. In other words, you could put the government to the task of presenting evidence in support of these charges to a grand jury of your peers. If they were to do that, the grand jury's job would be to determine whether there's probable cause to support the charges. If they did find probable cause, they would return a true bill of indictment and the indictment would be the charging document.

I think actually there is an indictment in this case; but as to this particular document, the bill of information, this was not presented to the grand jury. As I say, it's perfectly fine. We do it all the time.

But do you understand you have a right to indictment?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you want to waive that today and proceed on this bill of information?

THE DEFENDANT: Yes, please, Your Honor.

THE COURT: Okay. Madam Clerk, we'll present the usual waiver form regarding indictment.

That's on the pad out there. It should be. So if you'll take a look at that with him and if he wants to waive, he can sign it.

(Pause.)

THE COURT: Okay. For the record, the standard waiver form regarding indictment has been executed by the defendant, Mr. Ahluwalia, and it's also signed by Mr. Cromwell, one of his counsel who are present here today.

The Court will find based on the execution of this form that the defendant does understand he has a right to indictment if he wishes, but with advice of counsel today is knowingly waiving that right. We'll make that form a part of his file.

Okay. That brings us to the actual plea and Rule 11 proceeding which we'll do now. For purposes of that proceeding, we do need to have you sworn in so if you would please stand, put your left hand on the Bible.

There's one over there, Ms. Pierson, if you can grab that.

Put your left hand on the Bible, raise your right hand and face the clerk, please.

(Defendant sworn.)

THE COURT: All right. You can have a seat there, sir.

THE DEFENDANT: Thank you.

THE COURT: Mr. Ahluwalia, we're going to go through some questions together now and as we do that, I'd ask you to keep a couple of things in mind. Keep your voice up for me so that I can hear you. Also, if you need to talk to your lawyers at any point during the proceeding, by all means, please feel free to do that, okay.

All right. Here we go.

Do you understand that you're under oath and required to give truthful answers to these questions?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that if you give false information under oath, you may be prosecuted for perjury or false statement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: After consulting with your lawyer, do you want this Court to accept your guilty plea to counts one through ten in the bill of information?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand you have the right to have a U.S. district judge conduct this proceeding?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Recognizing that right, do you expressly consent to proceed before me, a United States magistrate judge?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you now under the influence of alcohol, medicines or drugs of any kind?

THE DEFENDANT: No, Your Honor.

THE COURT: Is your mind clear today and do you understand you're here to enter a guilty plea that cannot later be withdrawn?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you received a copy of the bill of information in your case and have you discussed it with your lawyers?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, Mr. Ahluwalia, it's customary to go over the charges as part of the plea and Rule 11 proceeding;

and we just did that pretty thoroughly as part of your initial appearance, but I will do it again, perhaps a little more briefly, as part of the plea and Rule 11 proceeding.

I mentioned to you earlier during the initial appearance that there are some introductory paragraphs, 19 of those in all, I believe. Those are important. They form the basis of the counts that follow. The counts essentially are as follows:

Count one alleges conspiracy to commit wire fraud.

So the introductory paragraphs are realleged and incorporated.

And it's alleged that from at least in or about April of 2016 through on or about March 17, 2021, in the listed counties, within the Western District of North Carolina, you, Mr. Ahluwalia, did knowingly and intentionally conspire and agree with others to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, namely, the Tech-Support Scheme, and for the purpose of executing that scheme and artifice to defraud, you conspired to transmit and caused to be transmitted by means of wire in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds in furtherance of the scheme.

So all of this is the charge of conspiracy to commit

wire fraud.

Mr. Warren, what's the maximum penalty for that?

MR. WARREN: No more than 20 years' imprisonment, a $250,000 fine, and no more than 3 years of supervised release.

THE COURT: Thank you.

Counts two through nine, as I previously noted, are substantive charges of wire fraud.

The introductory paragraphs are realleged and incorporated by reference.

And it states here that from at least in or about April of 2016 through on or about March 17, 2021, in the listed counties in the Western District of North Carolina, you, Mr. Ahluwalia, devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, namely, the Tech-Support Scheme.

It's then alleged that you committed these wire fraud crimes consistent with the details set forth in the table there regarding counts two through nine. Counts two through nine list the approximate date of the offense, the victim's initials, the victim's location, and the nature of the transmission.

So all of this collectively set forth is the violations of counts two through nine, wire fraud.

Mr. Warren, what is the maximum penalty for those offenses?

MR. WARREN: No more than 20 years' imprisonment, a $250,000 fine, and no more than 3 years of supervised release.

THE COURT: Thank you.

Count ten alleges conspiracy to damage a protected computer.

Again, the introductory paragraphs are realleged and incorporated by reference.

And it states here, in pertinent part, that from in or about April of 2016 through on or about March 17, 2021, in the listed counties within this district, you, Mr. Ahluwalia, and others known and unknown, conspired and agreed together to knowingly cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer, and it's alleged you caused loss to persons during a one-year period from your course of conduct affecting protected computers aggregating at least $5,000 in value, and you caused damage affecting 10 or more protected computers during a one-year period, in violation of federal law.

The overt acts essentially are those set forth in the previous counts and perhaps also the introductory paragraphs.

All of this is a violation of the federal conspiracy statute. In other words, that you conspired with others to commit this offense.

It's a violation of Title 18, U.S. Code, Section 371.

Mr. Warren, what's the maximum penalty for him for that offense?

MR. WARREN: No more than five years' imprisonment, a $250,000 fine, and no more than three years of supervised release.

THE COURT: Thank you.

I mentioned this earlier. There is a notice of forfeiture there at the end. I won't go through the particulars of that again, but let me do ask this question.

Have you been over all this with your lawyers?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that these are the charges that you are pleading guilty to today and the maximum penalties that could apply to you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Now, I'm required to ask you a couple of immigration-related questions. I frankly don't have any idea whether these apply to you particularly, but I'll ask these as I always do.

Do you understand that if you are not a citizen of

the United States, your guilty plea could have adverse immigration consequences?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that if you're not a citizen, your guilty plea could result in removal from the country?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You also understand that by entering a plea of guilty to a felony charge, you may be deprived, at least for a time, of certain civil rights. These could include the right to vote, to hold public office, to serve on a jury, and to possess a firearm.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you talked to your lawyers about how the U.S. Sentencing Guidelines might apply to your case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that the district judge will not be able to determine your sentence until a presentence report has been prepared and you've had a chance to comment on that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you also understand that in some circumstances you may receive a sentence that is different, that is, either higher or lower, than that called for by the guidelines?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that the Court may order restitution or the payment of money by you if that's appropriate in your case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that if the sentence is more severe than you expect, or the Court does not accept the government's recommendation, you will still be bound by your plea and have no right to withdraw it?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If your sentence includes imprisonment, do you understand the district judge may order a term of what is called supervised release?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you also understand that if you violate the terms of supervised release while out, you could go back to prison for an additional period of time?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that you have the right to plead not guilty, to have a speedy trial before a judge and jury, to summons witnesses to testify on your behalf, and to confront the witnesses against you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If you exercised your right to trial, you'd be entitled to the assistance of a lawyer. You would

not be required to testify. You'd be presumed innocent and the burden would be on the government to prove your guilt beyond a reasonable doubt. Do you understand all these things?

THE DEFENDANT: Yes, Your Honor.

THE COURT: By entering this plea of guilty today, you're waiving these rights. We're not going to have a trial. There will be one more hearing where the district judge will determine what sentence to impose in your case. Do you understand all of that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, we've been over the charges a couple of times this morning already and I won't repeat those any further, but your plea today is to all the counts in the bill of information, counts one through ten. Have you been over those charges carefully with your lawyers?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand the charges?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you guilty of those crimes?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. So there's a plea agreement in the case.

Mr. Warren, do you want to tell us about that.

MR. WARREN: Thank you, Your Honor.

There is a plea agreement in this matter. It's filed on the docket as document number 2. I'll summarize some but not all of the provisions of the plea; however, each and every term of the plea agreement is material thereto.

Paragraph 1 sets forth that defendant agrees to enter a voluntary plea of guilty to counts one, two, three, four, five, six, seven, eight, nine, and ten of the bill of information and admits to being in fact guilty as charged in those counts.

Paragraph 2 sets forth that if the Court finds the defendant's plea to be voluntary and knowingly made and accepts the plea, the United States will move at the appropriate time to dismiss counts one through eleven in the bill of indictment filed in case number 3:21-cr-82 in the Western District of North Carolina as to this defendant.

Paragraph 5 sets forth the minimum and maximum penalties as addressed at this hearing.

Paragraph 8 sets forth that pursuant to Rule 11(c)(1)(B), the parties agree that they will jointly recommend that the Court make the following findings and conclusions as to the United States Sentencing Guidelines.

Pursuant to Guideline Section 2B1.1(a)(1), the defendant's base offense level is 7.

The loss attributable to the overall conspiracy was greater than $25 million but less than $65 million, thus a

22-point enhancement is applicable pursuant to Guideline Section 2B1.1(b)(1)(L).

The offense involved 10 or more victims, thus a 2-level enhancement is applicable pursuant to Guideline Section 2B1.1(b)(2)(A).

A substantial part of the fraudulent scheme was committed from outside the United States, thus a 2-level enhancement is applicable pursuant to Guideline Section 2B1.1(b)(10)(B).

Subsection G, the parties agree that either party may argue their respective positions regarding any other specific offense characteristics, cross-references, special instructions, reductions, enhancements, departures, and adjustments to the offense level.

Subparagraph H, the parties agree that either party may seek a departure or variance from the "applicable guideline range" determined by the district court at sentencing, if such departure or variance is permitted by law.

Subsection I, the parties agree to recommend that the sentences for counts one through ten run concurrently.

Paragraph 9 sets forth that the defendant agrees that the bill of information filed in the above-captioned case relates to the bill of indictment filed in the matter of 3:21-cr-82 in the Western District of North Carolina, and that the bill of information filed in this case is timely for

purposes of Title 18, United States Code, Section 3282(a). Defendant agrees that he has discussed with his counsel the application of Title 18, United States Code, Section 3282(a) in this case and in the case captioned 3:21-cr-82-FDW and wishes to plead guilty to the bill of information filed in this case.

Moving along. Paragraph 18 sets forth that defendant, in exchange for the concessions made by the United States in this plea agreement, waives all rights to contest the conviction and sentence in any appeal or post-conviction action. Claims of ineffective assistance of counsel and prosecutorial misconduct, and those claims only, are exempt from the waiver.

Section VI covers assistance to the United States. That's on page 6 of the plea agreement.

And finally, paragraph 29, there are no agreements, representations, or understandings between the parties in this case other than those explicitly set forth in the plea agreement or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties.

The plea agreement is signed by myself, counsel for the defendant, Ms. Pierson and Mr. Cromwell, and the defendant.

THE COURT: Thank you very much.

Mr. Cromwell, anything to add?

MR. CROMWELL: No, Your Honor.

THE COURT: Ms. Pierson, anything further?

MS. PIERSON: No, Your Honor, that covers it.

THE COURT: All right. Thank you.

Mr. Ahluwalia, let me come back to you, then, for a few more questions. What you've heard Mr. Warren provide is a summary of the highlights of your plea agreement. Each and every provision of that document is important, of course, whether he mentioned it here this morning or not. So let me begin with this general question.

Have you been over that plea agreement carefully with your lawyers?

THE DEFENDANT: Yes, I have, Your Honor.

THE COURT: Do you understand that those are the terms of your plea agreement with the government and do you agree with those terms?

THE DEFENDANT: I do, Your Honor.

THE COURT: Now, you are waiving some rights you have to appeal so let me ask you a couple of questions about that.

First of all, do you understand that the right to appeal your conviction and/or your sentence has been expressly waived in your plea agreement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you also understand that the right to challenge your conviction and/or your sentence in what's called a post-conviction proceeding has been expressly waived in your plea agreement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is that your signature that appears on the plea agreement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, there's a factual basis document in the case. I want to spend just a moment with you on that. This is document number 3 in the case and it's five pages in length. This document is signed by Mr. Warren on behalf of the government. It's also signed by your counsel, Mr. Cromwell and Ms. Pierson, on your behalf. The document speaks for itself, of course, but does appear to set forth a few, maybe more than a few, agreed upon facts related to the case. So a couple of questions on this.

Were you aware that this factual basis document had been prepared and made a part of your case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you talked to your lawyers about that document?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you read it?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand what's in there and agree with it?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Now, has anybody threatened, intimidated, or forced you to enter your guilty plea today?

THE DEFENDANT: No, Your Honor.

THE COURT: Other than the terms of your plea agreement, has anybody made you promises of leniency or a light sentence to get you to plead guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: Have you had enough time to discuss with your lawyer -- lawyers any possible defenses you might have to these charges?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you satisfied with the services of your lawyers in this case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is there anything you'd like to say at this time about their services?

THE DEFENDANT: No, thank you, Your Honor.

THE COURT: Have you heard and understood all parts of this proceeding and do you still wish to plead guilty?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you have any questions or statements you'd like to make at this time?

THE DEFENDANT: No, thank you, Your Honor.

THE COURT: Okay. Finally, a question for counsel.

Mr. Cromwell and Ms. Pierson, appreciate your work on this, of course. Have you reviewed with your client, Mr. Ahluwalia, his case, of course, but, in particular, the terms of his plea agreement and are you satisfied he understands these things and knows what he's doing?

Mr. Cromwell?

MR. CROMWELL: We have and we are.

THE COURT: Ms. Pierson?

MS. PIERSON: Agree, Your Honor.

THE COURT: Okay. Thank you.

All right. That completes the questions on the form. Let me just check my work here and then we'll get this out to counsel table for their review.

(Pause.)

THE COURT: Okay, Michelle.

(Counsel and defendant conferred.)

MS. PIERSON: Do you have to scroll or do we?

THE CLERK: You have to scroll.

THE COURT: Use the pen to scroll. Just use the pen --

MS. PIERSON: The arrows?

THE COURT: -- in the white area. If you want to see all of it, you've got to put your pen on there and just

move it up and down.

MS. PIERSON: Brian, you do it.

THE COURT: Mr. Cromwell, if you use the arrows, it skips some of the material, so if you want to put your pen in the white area of the document, it will just -- it will move it up and down.

MR. CROMWELL: Got it. Thank you, Your Honor.

THE COURT: You're welcome.

(Pause.)

THE COURT: Hang on just a second. If you'll pull your pen back, we're going to freeze that. There we go.

All right. For the record, the electronic plea and Rule 11 form has been signed both by the defendant, Mr. Ahluwalia, and also by Mr. Cromwell, one of his counsel present today. Therefore, based upon the representations and answers given both by the defendant and his counsel in this proceeding, the Court does find that the defendant's plea is knowingly and voluntarily made and that the defendant understands the charges, potential penalties, and consequences of his plea. The Court further finds that the defendant's plea is supported by an independent basis in fact. Based thereon, the defendant's plea is hereby accepted. In addition, I will recommend that the district judge accept the defendant's plea and enter judgment in the case.

Mr. Ahluwalia, if you have any objection to that

recommendation, you have 14 days to file those in writing with the Court. If you don't object within that period, that would be deemed a waiver of that objection. If you have any questions about that, you have excellent counsel and they can answer those for you.

We'll make the plea and Rule 11 form a part of the file in the case.

A couple of final things here.

Mr. Cromwell, does he wish to have a presentence interview with probation?

MR. CROMWELL: Your Honor, we've already had the presentence interview this morning.

THE COURT: Wow. Okay.

Well, let's see. Is that a yes or a no? That's probably a yes.

MR. CROMWELL: That's a yes.

THE COURT: We'll check the "yes" box and it will appear on the pad, Mr. Cromwell, for you to sign.

(Pause.)

THE COURT: Thank you, Mr. Cromwell.

We'll make that form a part of the file and indicate to probation -- well, confirm with probation that he's already had his presentence interview.

Okay. Is there anything else related to forfeiture or other matters?

MR. CROMWELL: Not at this time, Your Honor.

THE COURT: Okay. Anything else, Mr. Cromwell?

MR. CROMWELL: There is, Your Honor. Mr. Ahluwalia would like to get this over and done with as quickly as possible so we'd like to move the Court to expedite the PSR. We have been in contact with probation and Brittany Lanter has said whatever the Court wants is okay with her. And I believe the prosecution is okay with expediting the PSR.

THE COURT: Okay. Well, I certainly don't have any objection to that so your request is noted and I'll certainly encourage that that be done.

MR. CROMWELL: Thank you, Your Honor.

THE COURT: What else? Anything else?

MR. WARREN: Nothing from the government, Your Honor.

MR. CROMWELL: Nothing from us, Your Honor.

THE COURT: Okay. Good luck, everybody. Thank you.

MS. PIERSON: Thank you, Your Honor.

MR. CROMWELL: Thank you, Your Honor.

(End of proceedings.)

*****

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CERTIFICATE OF REPORTER

I, Cheryl A. Nuccio, Federal Official Realtime Court Reporter, in and for the United States District Court for the Western District of North Carolina, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the digitally-recorded proceedings, transcribed to the best of my ability, held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 25th day of November 2025.

s/Cheryl A. Nuccio

Cheryl A. Nuccio, RMR-CRR
Official Court Reporter